77204. BANKS v. AETNA CASUALTY & SURETY COMPANY.
(377 SE2d 685)

BEASLEY, Judge.

Banks appeals from an order granting Aetna's motion for summary judgment.

On March 28, 1986, the stationary vehicle of Banks was struck by another vehicle which was turning left. She filed a claim with Aetna, under the PIP coverage of a motor vehicle insurance policy, for her personal injuries. She had been insured by Aetna since the mid-seventies, lately by a series of six-month policies. Her two policies following the date of the collision were renewed. However, on March 10, 1987 Aetna mailed her a notice of nonrenewal of the policy for the six-month period to begin April 21. The notification recited: "Your claims record shows losses on 11-16-84 (other party was hit in the rear), and 3-28-86 (other car hit you)." The notification met the requirements of OCGA § 33-24-45 and OCGA §§ 33-39-9, 10 and 11.

Banks, through her attorney, responded that in both incidents the fault was that of the other party and not hers. Aetna did not renew and on April 21, Banks obtained other insurance. She sued Aetna, contending that it violated OCGA § 33-9-40 (Ga. L. 1986, p. 1184, effective July 1, 1986) which provides: "No insurer shall

surcharge the premium or rate charged on a policy of motor vehicle insurance or cancel such policy as a result of the insured person's involvement in a multivehicle accident when such person was not at fault in such accident." The predicate of her contention is OCGA § 33-39-3 (25) which states that " '[t]ermination of insurance coverage' or 'termination of an insurance policy' means either a cancellation or nonrenewal of an insurance policy, in whole or in part, for any reason other than the failure to pay a premium as required by the policy." She urges that the failure to renew her policy constitutes a cancellation for accidents in which she was not at fault.

The fact that, as described by the code section, the generic phrase "termination of insurance coverage" encompasses both cancellation or nonrenewal does not mean that cancellation or nonrenewal equate with one another. If OCGA § 33-9-40 forbade "termination" where a policy holder was not at fault Banks might be right. However, that code section employs instead the more restrictive term "cancel," which does not include "nonrenewal." While the insurance carrier could not cancel the policy for accidents not the fault of its insured, it was not prohibited from declining to renew the policy for that reason. OCGA § 33-24-45 makes a clear distinction between the requirements regarding the right to cancel and the right not to renew.

Banks further contends that Ga. L. 1988, p. 677, effective July 1, 1988, which amends OCGA § 33-24-45 and adds subsection (3) (C) (i) would prevent nonrenewal except under stated conditions, but this does not evince a legislative intent that, for the period in question under the law effective July 1, 1986, Aetna was prevented from exercising its choice not to renew the policy with Banks.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1989.

*Sonja L. Salo*, for appellant.

*Spearman, Dunham & Gaughen, William L. Spearman*, for appellee.